LAWRENCE VANDYKE
Deputy Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

JOHN P. TUSTIN, Senior Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone:   (202) 305-3022
Fax:     (202) 305-0506

KURT G. ALME
United States Attorney

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| WILDEARTH GUARDIANS, *et al.* | Case No. 9:19-cv-0056-DWM |
| v. | |
| CHIP WEBER, *et al.* | |
| SWAN VIEW COALITION, *et al.* | Case No. 9:19-cv-0060-DLC |
| v. | DEFENDANTS' MOTION TO CONSOLIDATE |
| DAVID BERNHARDT, *et al.* | |

Defendants move to consolidate *WildEarth Guardians, et al. v. Chip Weber, et al.*, No. 9:19-cv-0056-DWM, with *Swan View Coalition, et al. v. Bernhardt, et al.*, No. 9:19-cv-0060-DLC.  Counsel for Defendants conferred with counsel for the other parties.  The *WildEarth Guardians* Plaintiffs do not oppose this motion.  The *Swan View Coalition* Plaintiffs take no position on this motion.

Rule 42(a) of the Federal Rules of Civil Procedure permits the Court to consolidate cases which, in the Court's judgment, involve common questions of law or fact.  Fed. R. Civ. P. 42(a)(2). The Court has "broad discretion" under Rule 42(a) "to consolidate cases pending in the same district." *Inv'rs Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).  In exercising this discretion, the Court "balance[s] the interest of judicial convenience against the potential for delay, confusion and prejudice that may result from such consolidation." *Sadler v. Dutton*, No. CV-16-0083-H-DLC-JTJ, 2017 WL 3217119 at *1 (D. Mont. June 1, 2017) (citation omitted).

Both actions challenge the U.S. Forest Service's 2018 Land Management Plan ("Forest Plan") for the Flathead National Forest.  The *Swan View Coalition* complaint identifies the earlier filed *WildEarth Guardians* action as a related case. *Swan View Coalition*, No. 9:19-cv-0060, ECF No. 1-1.  The administrative record for both actions will be the same.  There also is some overlap in the allegations in

the two complaints. The *WildEarth Guardians* action currently alleges violations of the Forest Planning Rules (Claim One), National Environmental Policy Act ("NEPA") (Claim Two), and Travel Management Rule, Forest Planning Regulations, and Executive Order 11644 (Claim Three). The *Swan View Coalition* action currently alleges violations of NEPA (Claims One and Two) and the Endangered Species Act ("ESA") (Claims Three and Four). The deadline to amend pleadings has not passed, so there may be additional overlap between the two complaints. The *WildEarth Guardians* Plaintiffs state that they intend to amend their Complaint. ECF No. 15 at 2. Defendants have not responded to either of the complaints.

Consolidating the two actions will conserve judicial resources, as the Court will manage the cases as one action instead of two separate actions. Both cases are early in the litigation process, and no case management plan has been entered in either of the actions. Consolidating the two actions will also reduce confusion and delay, since there will be one consolidated action on the same schedule instead of two actions on separate schedules. There is no prejudice since the *WildEarth Guardian* Plaintiffs do not oppose this motion and the *Swan View Coalition* Plaintiffs take no position on the motion.

The two cases are before different judges. While there is no local rule that

provides for transferring a case between different judges in the same division, there is no prohibition, either.  Federal courts have broad inherent powers to manage their dockets to achieve the orderly and expeditious disposition of cases.  *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (Rule 41 dismissal); *Landis v. N. American Co.*, 299 U.S. 248, 256 (1936) (stay of proceedings); *Inv'rs Research Co.*, 877 F.2d at 777 (Rule 42 consolidation).  If the two cases are not decided by the same judge, there is a risk of inconsistent decisions for the same or similar claims challenging the same Forest Plan.  Therefore, Defendants respectfully request that the two cases be adjudicated before the same judge.

For the foregoing reasons, Defendants respectfully move to consolidate the two actions.  In accordance with this Court's June 13, 2019 Order, the parties will file a joint case management plan by July 23, 2019.  A proposed order is attached hereto and will be emailed to chambers.

Respectfully submitted on this 24th day of June, 2019.

        LAWRENCE VANDYKE
        Deputy Assistant Attorney General
        Environment and Natural Resources Division
        United States Department of Justice

        */s/   John P. Tustin*
        JOHN P. TUSTIN, Senior Attorney
        Natural Resources Section

P.O. Box 7611
Washington, D.C. 20044-7611
Phone: (202) 305-3022
Fax: (202) 305-0506

KURT G. ALME
United States Attorney

*Attorneys for Defendants*