IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| WILDEARTH GUARDIANS, et al., | Lead Case No. CV 19–56–M–DWM |
| Plaintiffs, | |
| and | Member Case No. CV 19–60–M–DWM |
| SWAN VIEW COALITION, et al., | |
| Consolidated Plaintiffs, | ORDER |
| vs. | |
| CHIP WEBER, et al., | |
| Defendants, | |
| and | |
| David Bernhardt, et al., | |
| Consolidated Defendants. | |

There being common issues of fact and law, consolidation of the above-captioned actions is appropriate pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure. Accordingly,

IT IS ORDERED that the defendants' Motion to Consolidate (Doc. 17) is GRANTED. The above-captioned cases are consolidated for all further proceedings under the case number CV 19–56–M–DWM and captioned as shown

1

above. The Clerk of Court shall file this Order in the docket for each case.

IT IS FURTHER ORDERED that the defendants in each case shall file their respective answers in both the lead and member cases in CM/ECF on or before **July 31, 2019**. All other documents shall be filed in the lead case CV 19–56–M–DWM and spread to the member case.

IT IS FURTHER ORDERED that

**1. Preliminary Pretrial Statement.** Counsel for the respective parties shall file and serve on all parties a written preliminary pretrial statement on or before **September 10, 2019**. The statement shall address all matters listed in L.R. 16.2(b)(1).

**2. Rule 26(f) Conference and Case Management Plan.** The parties shall file a proposed case management plan on or before **September 25, 2019**. The parties shall e-mail a copy of the proposed case management plan in Word format to dwm_propord@mtd.uscourts.gov. Lead trial counsel for the respective parties shall, at least two weeks before the proposed case management plan is due, meet to discuss the nature and basis of their claims and defenses, to develop the proposed case management plan, and to discuss the possibilities for a prompt settlement or resolution of the case. *See* Fed. R. Civ. P. 1. The case management plan resulting from the Rule 26(f) conference is not subject to revision, absent compelling reasons.

**3. Contents of Case Management Plan.** The proposed case management plan should contain deadlines for the following pretrial motions and events or should state that such deadlines are not necessary:

> Motions to Dismiss (fully briefed)
> Certification of Administrative Record
> Motions to Supplement the Administrative Record
> Motions to Amend the Pleadings
> Completion of Discovery
> Motions for Summary Judgment (fully briefed)
> Additional Deadlines Agreed to by the Parties

"Fully briefed" means that the motion, the brief in support of the motion, and the opposing party's response brief are filed with the Court by the deadline.

For all dispositive motions, the plaintiffs shall jointly brief their NEPA claims but may separately brief their other claims (subject to reasonable word limits). The plaintiffs shall file joint statements of undisputed and disputed facts. The plaintiffs are instructed to confer prior to filing any motions and to jointly file motions when they seek similar relief from the Court on the same issue.

**4. Representation at Rule 26(f) Conference.** Each party to the case must be represented at the Rule 26(f) conference by at least one person with authority to enter into stipulations.

**5. Stipulation to Foundation and Authenticity.** Pursuant to Rule 16(c)(3), the parties shall either:

    (a)    enter into the following stipulation:

3

The parties stipulate as to foundation and authenticity for all written documents produced in pre-trial disclosure and during the course of discovery. However, if receiving counsel objects to either the foundation or the authenticity of a particular document, then receiving counsel must make specific objections to producing counsel in writing within a reasonable time after receiving the document. A "reasonable" time means that producing counsel has sufficient time to lay the foundation or establish authenticity through depositions or other discovery. If the producing party objects to a document's foundation or authenticity, the producing party shall so state, in writing, at the time of production, in sufficient time for receiving counsel to lay the foundation or establish authenticity through depositions or other discovery. All other objections are reserved.

or

(b) state why a stipulation to authenticity and foundation is not appropriate for the case.

**6. Administrative Record.** If an administrative record is involved, it must be filed on CDs or a thumb drive in an indexed and searchable format. The government shall provide the plaintiffs with the administrative record on or before the administrative record filing deadline set out in ¶ 3, *supra*. The government must also file with the Court a single hard copy of the following documents (along with any attachments or appendices), to the extent any such documents are at issue in the case:

Final Environmental Impact Statement/Environmental Assessment
Supp. Environmental Impact Statement/Environmental Assessment
Record of Decision or Decision Notice
Forest Plan or other programmatic planning document
Biological Assessment
Biological Opinion
Finding of No Significant Impact

4

Final Listing/Delisting Rule

**7. Acronyms.** In all documents filed with the Court, the parties shall not use any acronyms except for the following commonly understood acronyms in record review cases: NEPA, NFMA, APA, ESA, EIS, and EA.

DATED this 27th day of June, 2019.

_____
Donald W. Molloy, District Judge
United States District Court