JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

JOHN P. TUSTIN, Senior Attorney
Natural Resources Section
FREDERICK H. TURNER, Trial Attorney
Wildlife and Marine Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone:   (202) 305-3022 (Tustin)
          (202) 305-0641 (Turner)
Fax:     (202) 305-0506 (Tustin)
          (202) 305-0275 (Turner)

KURT G. ALME
United States Attorney

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | | |
|---|---|---|
| WILDEARTH GUARDIANS, *et al.*, | ) | Lead Case No. |
|     Plaintiffs, | ) | 9:19-cv-0056-M-DWM |
| and | ) | |
| SWAN VIEW COALITION, *et al.*, | ) | Member Case No. |
|     Consolidated Plaintiffs | ) | 9:19-cv-0060-M-DWM |
| | ) | |
| v. | ) | DEFENDANTS' |
| | ) | REPLY IN SUPPORT OF |
| CHIP WEBER, *et al.*, | ) | MOTION TO DISMISS |
|     Defendants, | ) | CLAIM TWO IN PLAINTIFFS' |
| and | ) | FIRST AMENDED COMPLAINT |
| DAVID BERNHARDT, *et al.*, | ) | |
|     Consolidated Defendants. | ) | |
| | ) | |

## **TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................1

II.  ARGUMENT...............................................................................................2

    A.   Challenges to Amendment 24's designation of over-snow vehicle routes and areas are barred by the six-year statute of limitations.........2

    B.   Plaintiffs' challenge to newly suitable areas and routes, and future designations on those areas and routes, is not ripe for review. ...................................................................................................4

III. CONCLUSION............................................................................................9

## I.	INTRODUCTION

Defendants moved to dismiss Plaintiffs' Travel Management Rule claim (Claim Two) in its entirety under Rule 12(b)(1).  On further review of the pleadings and applicable case law, Defendants have determined that they should have brought a partial motion to dismiss Claim Two.  Defendants maintain their motion to dismiss Plaintiffs' challenge to the 2006 programmatic and site-specific decisions in Amendment 24 as untimely, but concede that the motion to dismiss this aspect of Claim Two should have been brought under Rule 12(b)(6) for failure to state a claim.  Defendants agree with Plaintiffs that Claim Two, as it applies to Plaintiffs' allegation that the 2018 Revised Forest Plan "adopted" Amendment 24, is best resolved at the summary judgment stage.  Defendants maintain their motion to dismiss under Rule 12(b)(1) on ripeness grounds to Plaintiffs' challenge to newly suitable acreage and future designations.

The Court should grant Defendants' motion to dismiss, as modified, in all other respects and dismiss the untimely and unripe aspects of Plaintiffs' Travel Management Rule Claim.

## II.    ARGUMENT

**A.   Challenges to Amendment 24's designation of over-snow vehicle routes and areas are barred by the six-year statute of limitations.**

Defendants moved to dismiss Claim Two as it pertains to the programmatic and site-specific decisions for over-snow areas and routes in Amendment 24. Defs.' Mem. in Supp. of Mot. to Dismiss ("Mem."), 8-11, ECF No. 29.[1]  Plaintiffs respond they are "not challenging the Forest Service's 2006 decision that adopted winter travel designations…. Rather, Guardians challenges the Forest Service's 2018 Decision that concludes the agency completed Subpart C by adopting the 2006 designations in the its 2018 Forest Plan."  Pls.' Resp. in Opp'n to Fed. Defs.' Mot. to Dismiss ("Resp."), 16, ECF No. 38; *id.* at 20 ("The proper interpretation of Subpart C's grandfather provision goes to the merits of Claim Two....").[2]  On further review of the pleadings, Defendants agree that Plaintiffs' allegation that the Forest Service "completed Subpart C by adopting the 2006 designations" in the

---

[1] Defendants agree that the statute of limitations argument should have been brought under Rule 12(b)(6).  But the Court can, and should, still consider the first basis for Defendants' motion.  *Lord v. Babbitt*, 943 F. Supp. 1203, 1210 (D. Alaska 1996) ("[t]he government's motion to dismiss on the grounds that this action is barred by the applicable statute of limitations must be treated as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) instead of a motion to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).") (citing *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 n.2 (9th Cir. 1995).

[2] "Grandfather provision" is Plaintiffs' terminology and does not appear in the regulation the Forest Service promulgated in 2015.  *See* 36 C.F.R. § 212.81(b).

*Defs.' Reply in Supp. of Mot. to Dismiss*                                                          2

2018 Revised Forest Plan is timely because the Forest Service made that decision, if at all, within the six-year statute of limitations. *See* Compl. ¶ 267 (alleging that "[a]n interpretation of the grandfather provision of Subpart C that allows the Forest Service to adopt prior designations under such circumstances violates" the Travel Management Rule and Executive Order 11644). At summary judgment, the Court can evaluate, based on the administrative records, whether any decision the Forest Service may have made in 2018 with regard to Subpart C was arbitrary and capricious.

But while Plaintiffs' allegation that the Forest Service "completed Subpart C by adopting the 2006 designations" is timely, Amendment 24's decisions themselves are not, and therefore are beyond the Administrative Procedure Act's six-year statute of limitations. 28 U.S.C. § 2401; *Wind River Mining Corp. v. United States*, 946 F.2d 710, 713 (9th Cir. 1991). Plaintiffs assert the Forest Service "misreads" Claim Two, Resp. 17, but the lengthy Amended Complaint loosely alternates between the Service's decisions in Amendment 24 with the distinct decisions in the 2018 Revised Forest Plan. The Complaint alleges "[i]n 2003, the Forest Service completed an [environmental impact statement] assessing the effects of Amendment 24. In November 2006, the Forest Service issued its final [record of decision] for Amendment 24." Pls.' First Am. Comp. for Declaratory and Inj. Relief ("Compl."), ¶ 229, ECF No. 23; *see also id.* ¶¶ 231-34,

*Defs.' Reply in Supp. of Mot. to Dismiss* 3

238, 239 (characterizing actions authorized by Amendment 24). The Complaint then alleges:

- "The Forest Service did not minimize harassment of wildlife and significant disruption of wildlife habitat in developing the over-snow vehicle designations under Amendment 24 or in the revised Forest Plan. The Forest Service did not demonstrate that it minimized harassment of wildlife and significant disruption of wildlife habitat in developing the over-snow vehicle designations under Amendment 24 or in the revised Forest Plan." Compl. ¶ 269.

- "The Forest Service did not minimize conflicts amongst different types of forest users – including between motorized and non-motorized recreationists – in developing the over-snow vehicle designations under Amendment 24 or in the revised Forest Plan. The Forest Service did not demonstrate that it minimized conflicts amongst different types of forest users – including between motorized and nonmotorized recreationists – in developing the over-snow vehicle designations under Amendment 24 or in the revised Forest Plan." *Id.* ¶ 270.

Because of the alleged failures "under Amendment 24," Defendants reasonably interpreted the Complaint to challenge Amendment 24, which the Forest Service adopted in 2006. Defendants maintain that the Court should dismiss Claim Two as it pertains to the programmatic and site-specific decisions in Amendment 24 based on the statute of limitations. *See* Mem. 8-11.

**B.** **Plaintiffs' challenge to newly suitable areas and routes, and future designations on those areas and routes, is not ripe for review.**

Defendants also moved to dismiss Claim Two as it pertains to the 2018 Forest Plan's suitability determination for *new* over-snow areas and routes and any

*Defs.' Reply in Supp. of Mot. to Dismiss*  4

revision to existing designations. Mem. 11-17.[3] Plaintiffs state they "do not seek judicial review of future over-snow designations or future revision of existing designations, as the Forest Service suggests." Resp. 23-24. With Plaintiffs' clarification that they are not challenging future designations, the remaining question for the Court as it pertains to Defendants' second basis for dismissal is whether the 2018 Forest Plan's suitability determination for new over-snow areas and routes is ripe for review. It is not.

As explained in Defendants' opening brief, an increase in suitable acreage is not the same thing as an increase in designated acreage. The 2018 Forest Plan's determination of newly suitable acreage is a programmatic decision that has no concrete impacts until there are site-specific decisions that designate a particular area or route as open to over-snow vehicles. It is undisputed that the Forest Service has not yet initiated any site-specific planning for over-snow areas or routes under the 2018 Forest Plan. Compl. ¶ 247 ("The Forest Service has not yet initiated site-specific planning."); Mem. Ex. 1 at 45-46, ECF No. 29-1 (stating that the "programmatic plan decision does not authorize additional motor vehicle use"

---

[3] Plaintiffs' response confuses two separate aspects of the suitability determination: the new 567 acres (aggregate) identified as suitable in the 2018 Forest Plan and the rest of the acreage previously identified as suitable in Amendment 24. *See* Resp. 23-32. Plaintiffs' challenge to the former should be dismissed because it is not ripe for review. Plaintiffs' challenge to the latter, as it pertains to Amendment 24, should be dismissed because it is time-barred.

*Defs.' Reply in Supp. of Mot. to Dismiss* 5

and that "[m]anagement areas with the plan component that indicates wheeled motorized travel is suitable are areas where motor vehicle use could be designated during future site-specific decision making."). Because the Forest Service has not designated any routes or areas in the newly suitable acreage, this aspect of Claim Two is not ripe for review. *See Ohio Forestry v. Sierra Club*, 523 U.S. 726, 732 (1998) (National Forest Management Act challenge to forest plan specifications for timber harvest not ripe until there is a site-specific action); *Ecology Ctr. v. Castaneda*, 574 F.3d 652, 658 (9th Cir. 2009) (same).

Plaintiffs respond that the 2018 Forest Plan's suitability determination for new acreage harms their interests because the determination "opens the door to increased winter motorized use in specific areas without additional consideration of how it might damage forest resources" and "will have direct impacts to grizzly bear, Canada lynx, and wolverine." Resp. 24 (citing Compl. at 60-62). This assertion ignores the fact that the 2018 Forest Plan identifies "broad areas where motorized or nonmotorized use may or may not be generally suitable…. Plan suitability alone does not mandate off-road vehicle use or indicate the area is subject to unmanaged off-road vehicle use." Mem. Ex. 1 at 46. The assertion also ignores Plaintiffs' own Complaint, which acknowledges the two-step travel management process of making the suitability determination and then designating specific areas and routes, and that any alleged impacts first require the Forest

*Defs.' Reply in Supp. of Mot. to Dismiss* 6

Service to adopt designations based on the suitability determinations – a step that has not yet occurred. Compl. ¶ 244 ("[a]dopting over-snow vehicle use designations *based on* new over-snow vehicle suitability determinations will have direct impacts on [various species].") (emphasis added). Contrary to Plaintiffs' unsubstantiated claim, the decision-making process to designate over-snow vehicle use in the newly suitable acreage is not complete.

The cases cited by Plaintiffs contradict their claim that the determination of newly suitable acreage is ripe for review. *WildEarth Guardians v. Montana Snowmobile Association* challenged a forest plan promulgated under the 2005 Travel Management Rule that designated more than two million acres open to snowmobile use. 790 F.3d 920, 923 (9th Cir. 2015). The Ninth Circuit held that the *designation* of areas open to snowmobile use was arbitrary and capricious because the Forest Service did not apply the Travel Management Rule's minimization criteria to each particular area designated for snowmobile use. *Id.* at 932. The Ninth Circuit also held the Forest Service was not required to conduct an entirely separate review for each area and trail it designates for snowmobile use, *id.* at 931, but that two-step process is what the Flathead National Forest has chosen to do in this case before it designates areas and routes in the newly suitable acreage. Mem. Ex. 1 at 45 ("This programmatic plan decision does not authorize additional motor vehicle use.").

Plaintiffs also cite *High Sierra Hikers Association v. Blackwell* for the proposition that the 2018 Forest Plan's programmatic decision for newly suitable acreage is ripe. Resp. 26 (citing 390 F.3d 630, 639 (9th Cir. 2004)). *High Sierra Hikers* involved an analogous two-step process, where the Forest Service promulgated management plans for two wilderness areas and then issued permits for specific activities, such as commercial packstock operations, under those management plans. 390 F.3d at 636-37. There, the Ninth Circuit found the challenge to the issuance of special use permits ripe for review because the permits authorized commercial services and their issuance a final agency action sufficient to establish standing. *Id.* at 639. Unlike *High Sierra Hikers*, the Forest has not authorized any specific actions in the programmatic suitability determination for the new acreage. Plaintiffs' claim is not ripe until the Forest Service issues a separate, site-specific decision designating areas and routes open to over-snow vehicles in the newly suitable acres.

Finally, Plaintiffs claim the 2018 Forest Plan's suitability determination for new acreage harms their interest in ensuring compliance with the Travel Management Rule and that there will be no future opportunities to challenge the suitability determination. Resp. 25-26, 30. But any challenge to the Forest Service's suitability determination for the new acreage could (and can only) be brought in a challenge to a future, site-specific designation of an area or route in

*Defs.' Reply in Supp. of Mot. to Dismiss*                                                                 8

the new acreage. The Forest Service's determination that approximately 567 additional acres are newly suitable to over-snow vehicle use does not designate any of these new acres as open to over-snow vehicles. Contrary to Plaintiffs' claim, this is precisely the situation in *Ohio Forestry* and the other cases cited by Defendants where courts applied the ripeness doctrine and rejected challenges to abstract disagreements over programmatic documents that lacked site-specific, concrete implementing actions. *See* Resp. 25, 28, 31-32 (discussing *Ohio Forestry*, 523 U.S. at 733, 735-36); *id.* at 29, 32 (citing other cases).

Plaintiffs have not challenged a site-specific decision that designates over-snow vehicle use in the newly suitable acreage. Because there is no final agency action that designates such use in the new areas, Plaintiffs' challenge to the programmatic suitability determination for the new 567 acres is not ripe for review. *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967); *accord, Ohio Forestry*, 523 U.S. at 732-33. The Court should dismiss Claim Two as it pertains to the newly suitable acreage as unripe.

### III.   CONCLUSION

Plaintiffs' Travel Management Rule challenge to the programmatic and site-specific decisions in Amendment 24 for over-snow areas and routes is barred by the statute of limitations, and their challenge to future designations in newly suitable areas or revisions to existing designations is not ripe. By granting

Defendants' motion to dismiss Claim Two in these respects, the only aspect of Plaintiffs' Travel Management Rule claim to be resolved at summary judgment pertains to the allegation that the Forest Service "completed Subpart C by adopting the 2006 designations."

Respectfully submitted on this 19th day of December, 2019.

JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

*/s/ John P. Tustin*
JOHN P. TUSTIN, Senior Attorney
Natural Resources Section
FREDERICK H. TURNER, Trial Attorney
Wildlife and Marine Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone:  (202) 305-3022 (Tustin)
              (202) 305-0641 (Turner)
Fax:      (202) 305-0506 (Tustin)
              (202) 305-0275 (Turner)

KURT G. ALME
United States Attorney

*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), there are 2,169 words in the brief as counted using the word count feature in Microsoft Word, excluding the caption, table of contents and authorities, signature blocks, and certificates of service and compliance, and exhibit index.

/s/   *John P. Tustin*
JOHN P. TUSTIN
*Attorney for Defendants*