IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WILDEARTH GUARDIANS, et al., | Lead Case No.<br>CV 19–56–M–DWM |
| Plaintiffs, | |
| and | Member Case No.<br>CV 19–60–M–DWM |
| SWAN VIEW COALITION, et al., | |
| Consolidated Plaintiffs, | ORDER |
| vs. | |
| KURTIS E. STEELE, et al., | |
| Defendants, | |
| and | |
| DAVID BERNHARDT, et al., | |
| Consolidated Defendants, | |
| and | |
| MONTANA LOGGING ASSOCIATION, a Montana non-profit corporation and AMERICAN FOREST RESOURCE COUNCIL, an Oregon non-profit corporation, | |
| Defendant-Intervenors. | |

1

The Montana Logging Association and American Forest Resource Council move to intervene as defendants in these consolidated cases. (Doc. 63.) Montana Logging Association and American Forest Resource Council are regional trade groups representing the timber and logging industry. Their members regularly purchase timber sales from the Flathead National Forest or work as contractors on logging sites. Eight projects have been approved or are being planned under the 2018 Land Management Plan for the Flathead National Forest ("2018 Forest Plan"), which is the subject of this case. Specifically, Plaintiffs seek declaratory and injunctive relief that the 2018 Forest Plan and associated decisions violate the Endangered Species Act, the National Environmental Policy Act, and the Travel Management Rule. Montana Logging Association and American Forest Resource Council seek intervention as of right under Federal Rule of Civil Procedure 24(a). No party opposes the motion.

"An applicant seeking to intervene as of right under Rule 24 must demonstrate that four requirements are met: (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647

F.3d 893, 897 (9th Cir. 2011) (internal quotation marks omitted). Montana Logging Association and American Forest Resource Council meet these requirements.

First, Montana Logging Association and American Forest Resource Council's motion to intervene is timely as it was before any summary judgment merits briefing has occurred. Second, they have a significant protectable interest under Rule 24(a) as representatives of the parties to the timber sales that will be implemented under the 2018 Forest Plan. Third, the disposition of this action may impair or impede their ability to protect that interest because if Plaintiffs succeed, the timber sales would not come to fruition. Finally, the existing parties may not adequately represent Montana Logging Association and American Forest Resource Council's interests because they have a personal interest, while Plaintiffs and Defendants represent the public interest. *See Wildearth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 996–97 (10th Cir. 2009).

Accordingly, IT IS ORDERED that Montana Logging Association and American Forest Resource Council's motion to intervene (Doc. 63) is GRANTED. The caption is modified as reflected above. Defendant-Intervenors shall re-file their answer as a separate docket entry in the case.

**IT IS FURTHER ORDERED that Defendant-Intervenors shall abide by the terms of the existing case management order (Doc. 55) and file their briefs**

on the same dates and according to the same terms as the Federal Defendants. Counsel is reminded of the admonition that in all filings with the Court, the parties shall not use acronyms except for the following commonly understood acronyms in record review cases: **NEPA, NFMA, APA, ESA, EIS, and EA.**

DATED this 22nd day of June, 2020.

Donald W. Molloy, District Judge
United States District Court